Brian W. Skalsky (SBN 277883)
bskalsky@goldbergsegalla.com
GOLDBERG SEGALLA LLP
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017
**Mailing address:**
PO Box 17220
Los Angeles, CA 90017
Telephone:   213.415.7200
Facsimile:   213.415.7299

Attorneys for Defendants STEVEN HERD; and
GRAYBAR ELECTRIC COMPANY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT –SOUTHERN DIVISION

<table>
<tr><td>

LAUREN WOLF, an Individual,

               Plaintiff,

   v.

STEVEN HERD, an Individual;
GRAYBAR ELECTRIC COMPANY,
INC., a Corporation; and DOES 1 to 50,
Inclusive,

              Defendants.

</td><td>

Case No. 8:20-cv-02222

District Judge:

**AMENDED NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**

</td></tr>
</table>

**PLEASE TAKE NOTICE** that Defendants Steven Herd and Graybar

Electric Company, Inc., (hereinafter collectively referred to as "Defendants")

hereby remove the above captioned action from the Superior Court of the State of

California, for the County of Orange, where it is currently pending as Case No. 30-

2020-01166444-CU-PA-CJC, to the United States District Court for the Central

District of California-Southern Division.

## <u>GROUNDS FOR REMOVAL</u>

This is a civil action over which this Court has subject matter jurisdiction under

28 U.S.C. §1332, which confers original jurisdiction of "all civil actions where the

Goldberg Segalla LLP
PO Box 17220
Los Angeles, CA 90017
213.415.7200

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"  Here, Plaintiff is not a citizen of the same state of Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Removal is warranted under 28 U.S.C. §1441(b) because this is a civil action over which this Court has subject matter jurisdiction under 28 U.S.C. §1332, on the grounds that complete diversity exists between the parties and the amount in controversy exceeds the sum of $75,000.

## **BACKGROUND**

On or About October 19, 2020, Plaintiff Lauren Wolf, commenced an action in the Superior Court of the State of California entitled *Lauren Wolf v. Steven Herd, Graybar Electric Company, Inc. and DOES 1 to 50* (Case number 30-2020-01166444-CU-PA-CJC).  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached hereto as **Exhibit A**.  Plaintiff's Complaint asserts causes of action for Motor Vehicle Negligence and Negligence against Defendants.

Defendant Graybar Electric Company, Inc. was personally served with the Complaint on October 23, 2020.  Defendant Steven Herd was personally served with the Complaint on October 24, 2020, at his address in Iowa.

## **DIVERSITY OF CITIZENSHIP**

Plaintiff is a resident of San Bernardino County, in the State of California. Defendant Graybar Electric Company, Inc. a corporate entity, is a New York Corporation with its principal place of business at 34 N. Meramec Ave., Clayton, MO 63105, and is therefore a citizen of the States of New York and Missouri for purposes of determining diversity.  Defendant Steven Herd is a resident of Ida County, in Ida Grove, Iowa.  Pursuant to 28 U.S.C. § 1332(c)(l) full diversity exists among the parties in this action because Plaintiff is a Citizen of California, Defendant

Goldberg Segalla LLP
PO Box 17220
Los Angeles, CA 90017
213.415.7200

AMENDED NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
28347596.v1

Graybar Electric Company, Inc. is a Citizen of New York and Missouri and Defendant Steven Herd is a citizen of Iowa.

The defendants identified as Does 1 through 50 in the Complaint are fictitious parties against whom no cause of action can be validly alleged.  To the best of Defendants' knowledge, no fictitiously designated defendant has been served with process, and these fictitious parties may be ignored for purposes of determining removal.  Pursuant to 28 U.S.C. § 1332(c)(l) full diversity exists among the parties in this action

## AMOUNT IN CONTROVERSY

The amount in controversy exceeds $75,000.00, as evidenced by Plaintiff's Complaint, which alleges Plaintiff suffered severe injuries and emotional injuries. Plaintiff's statement of damages attached to the Complaint alleges $1,000,000.00 in pain, suffering, and inconvenience and $1,000,000.00 in emotional distress, with an additional $91,000.00 in medical expenses.

## REMOVAL FILED TIMELY

This Notice of Removal was filed within thirty days of service of the Complaint, which was completed on October 23, 2020 as to Defendant Graybar Electric Company, Inc. and October 24, 2020 as to Defendant Steven Herd.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached hereto as **Exhibit A**. Defendants filed an Answer in State Court on November 19, 2020 a copy of which is attached hereto as **Exhibit B**. Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit C**, together with this Notice of Removal, is being served upon counsel for Plaintiff and will be filed with the Clerk of the Superior Court of the State of California, County of Orange.

The Central District of California is the United States District Court for the district and division embracing the state court where this action was filed and is pending.  Venue is proper in this Court under 28 U.S.C. § 1441(a).

Goldberg Segalla LLP
PO Box 17220
Los Angeles, CA 90017
213.415.7200

AMENDED NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
28347596.v1

Based on the foregoing, this Court has jurisdiction over this action. No previous application has been made for the relief requested herein. Accordingly, this action is properly removed.

WHEREFORE, Defendants, and each of them, file this Notice of Removal so that the entire action entitled *Lauren Wolf v. Steven Herd, Graybar Electric Company, Inc. and DOES 1 to 50, inclusive;* Case number 30-2020-01166444-CU-PA-CJC, now pending in the Superior Court of California, Orange County, shall be removed to this Court for all further proceedings.

Dated:  November 20, 2020                    GOLDBERG SEGALLA LLP


By:   /s/ Brian W. Skalsky
      BRIAN W. SKALSKY
      Attorneys for Defendants STEVEN
      HERD; and GRAYBAR ELECTRIC
      COMPANY, INC.

Goldberg Segalla LLP
PO Box 17220
Los Angeles, CA 90017
213.415.7200

4
AMENDED NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441
28347596.v1

# EXHIBIT A



**Notice of Service of Process**

**NJH / ALL**
**Transmittal Number: 22213230**
**Date Processed: 10/27/2020**

| | |
|---|---|
| **Primary Contact:** | Ellen Fitch<br>Graybar Electric Company, Inc.<br>34 N Meramec Ave<br>Saint Louis, MO 63105-3941 |
| **Electronic copy provided to:** | Theresa Hagans<br>Peter Barkofske |

| | |
|---|---|
| **Entity:** | Graybar Electric Company, Inc.<br>Entity ID Number  2694723 |
| **Entity Served:** | Graybar Electric Company, Inc. |
| **Title of Action:** | Lauren Wolf vs. Steven Herd |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Orange County Superior Court, CA |
| **Case/Reference No:** | 30-2020-01166444-CU-PA-CJC |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/23/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Steven L. Mazza<br>310-273-1230 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Case 8:20-cv-02222-JLS-JDE   Document 3   Filed 11/23/20   Page 7 of 37   Page ID #:14
Electronically Filed by Superior Court of California, County of Orange, 10/19/2020 12:30:29 PM.
30-2020-01166444-CU-PA-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Richard Clark, Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** STEVEN HERD, an Individual;
*(AVISO AL DEMANDADO):* GRAYBAR ELECTRIC COMPANY, INC.,
a Corporation and DOES 1 to 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** LAUREN WOLF, an Individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero o bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Superior Court of California, County of Orange <br> 700 Civic Center Drive West <br> Santa Ana, California  92701 | Judge Gregory H. Lewis | CASE NUMBER: <br> *(Número del Caso):*  30-2020-01166444-CU-PA-CJC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Steven L. Muzza, Esq.  SBN 101076
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Carpenter, Zuckerman & Rowley
8827 West Olympic Blvd., Beverly Hills, CA 90211                                    310-273-1230

| DATE: <br> *(Fecha)* 10/19/2020 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *Richard Clark* <br> *(Secretario)* | , Deputy <br> *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*                Richard Clark

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Graybar Electric Company, Inc., a Corporation

   under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)            ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov <br> Westlaw Doc & Form Builder |

Case 8:20-cv-02222-JLS-JDE Document 3 Filed 11/23/20 Page 8 of 37 Page ID #:15
Electronically Filed by Superior Court of California, County of Orange, 10/19/2020 12:30:23 PM.
30-2020-01166444-CU-PA-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Richard Clark, Deputy Clerk.

**PLD-PI-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Steven L. Mazza, Esq.          SBN: 101076<br>Carpenter, Zuckerman & Rowley<br>8827 West Olympic Blvd.<br>Beverly Hills, CA 90211<br>TELEPHONE NO: 310-273-1230    FAX NO. *(Optional):* 310-858-1063<br>E-MAIL ADDRESS *(Optional):* eservice@czrlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, LAUREN WOLF | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS: 700 Civic Center Drive West<br>CITY AND ZIP CODE: Santa Ana, 92701<br>BRANCH NAME: Central Justice Center |

PLAINTIFF: LAUREN WOLF, an Individual

DEFENDANT: STEVEN HERD, an Individual; GRAYBAR ELECTRIC COMPANY, INC., a Corporation

[X] DOES 1 TO _50, Inclusive_

| | |
|---|---|
| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>[ ] AMENDED *(Number):*<br>Type *(check all that apply):*<br>[X] MOTOR VEHICLE   [X] OTHER *(specify):* General Negligence<br>  [X] Property Damage   [ ] Wrongful Death<br>  [X] Personal Injury   [X] Other Damages *(specify):* LOSS OF FUTURE EARNINGS AND MEDICAL EXPENSES | |
| Jurisdiction *(check all that apply):*<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>  Amount demanded [ ] does not exceed $10,000<br>                 [ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>  [ ] from limited to unlimited<br>  [ ] from unlimited to limited | CASE NUMBER:<br>30-2020-01166444-CU-PA-CJC<br><br>**Assigned for All Purposes**<br>Judge Gregory H. Lewis |

1. Plaintiff *(name or names):* LAUREN WOLF, an Individual
   alleges causes of action against defendant *(name or names):* STEVEN HERD, an Individual; GRAYBAR
   ELECTRIC COMPANY, INC., a Corporation and DOES 1 to 50, Inclusive
2. This pleading, including attachments and exhibits, consists of the following number of pages: 5
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™

PLD-PI-001

| SHORT TITLE: WOLF v. HERD | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): GRAYBAR ELECTRIC COMPANY, INC.    except defendant (name):
      (1) ☐ a business organization, form unknown     (1) ☐ a business organization, form unknown
      (2) ☒ a corporation     (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):     (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):     (4) ☐ a public entity (describe):

      (5) ☐ other (specify):     (5) ☐ other (specify):

   b. ☐ except defendant (name):    d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown     (1) ☐ a business organization, form unknown
      (2) ☐ a corporation     (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):     (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):     (4) ☐ a public entity (describe):

      (5) ☐ other (specify):     (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1-50                              – were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 1-50                              are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

PLD-PI-001

| SHORT TITLE: WOLF v. HERD | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. [X] Motor Vehicle
   b. [X] General Negligence
   c. [ ] Intentional Tort
   d. [ ] Products Liability
   e. [·] Premises Liability
   f. [ ] Other *(specify):*

11. Plaintiff has suffered
   a. [X] wage loss
   b. [X] loss of use of property
   c. [X] hospital and medical expenses
   d. [X] general damage
   e. [X] property damage
   f. [X] loss of earning capacity
   g. [X] other damage *(specify):* FUTURE LOSS OF EARNINGS AND FUTURE MEDICAL EXPENSES. FOR INTEREST AS PERMITTED BY THE LAW.

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. [ ] listed in Attachment 12.
   b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) [X] compensatory damages
      (2) [ ] punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) [ ] according to proof
      (2) [X] in the amount of: $ OVER $25,000

15. [X] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):* MV-1; MV-2(a)-(f); and GN-1

16.   Demand for jury trial. Plaintiff hereby demands a trial by jury in all the aforementioned matters.
Date: October 16, 2020

Steven L. Mazza, Esq.
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]          **COMPLAINT—Personal Injury, Property**          Page 3 of 3
                                            **Damage, Wrongful Death**

PLD-PI-001(1)

| SHORT TITLE: WOLF v. HERD | CASE NUMBER: |
|---|---|

_____FIRST_____   **CAUSE OF ACTION—Motor Vehicle**
(number)

ATTACHMENT TO [ X ] Complaint [  ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* LAUREN WOLF, an Individual

MV- 1. Plaintiff alleges the acts of defendants were negligent; the acts were the legal (proximate) cause of injuries and damages to plaintiff; the acts occurred
on *(date):* December 17, 2018
at *(place):* Southbound State Route 57 just south of Yorba Linda Blvd., Fullerton, CA 92831

MV- 2. DEFENDANTS
    a. [ X ] The defendants who operated a motor vehicle are *(names):* STEVEN HERD, an Individual; GRAYBAR ELECTRIC COMPANY, INC., a Corporation and

        [ X ] Does ____1____ to ____50____

    b. [ X ] The defendants who employed the persons who operated a motor vehicle in the course of their employment are *(names):* STEVEN HERD, an Individual; GRAYBAR ELECTRIC COMPANY, INC., a Corporation and

        [ X ] Does ____1____ to ____50____

    c. [ X ] The defendants who owned the motor vehicle which was operated with their permission are *(names):* STEVEN HERD, an Individual; GRAYBAR ELECTRIC COMPANY, INC., a Corporation and
        [ X ] Does ____1____ to ____50____

    d. [ X ] The defendants who entrusted the motor vehicle are *(names):* STEVEN HERD, an Individual; GRAYBAR ELECTRIC COMPANY, INC., a Corporation and

        [ X ] Does ____1____ to ____50____

    e. [ X ] The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):* STEVEN HERD, an Individual; GRAYBAR ELECTRIC COMPANY, INC., a Corporation and

        [ X ] Does ____1____ to ____50____

    f. [ X ] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
        [  ] listed in Attachment MV-2f [ X ] as follows: Defendants, and each of them, who negligently and carelessly serviced, repaired, maintained and/or inspected Defendants' vehicle, legally causing the injuries herein above described are STEVEN HERD, an Individual; GRAYBAR ELECTRIC COMPANY, INC., a Corporation and

        [ X ] Does ____1____ to ____50____

Page ____4____

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Motor Vehicle**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

PLD-PI-001(2)

| SHORT TITLE: WOLF v. HERD | CASE NUMBER: |
|---|---|

___SECOND___       **CAUSE OF ACTION—General Negligence**     Page _5_
   (number)

ATTACHMENT TO   [X] Complaint   [__] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* LAUREN WOLF, an Individual

     alleges that defendant *(name):* STEVEN HERD, an Individual; GRAYBAR ELECTRIC
     COMPANY, INC., a Corporation and

        [X] Does _____1_____ to _____50_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):* December 17, 2018
at *(place):* Southbound State Route 57 just south of Yorba Linda Blvd., Fullerton, CA 92831

*(description of reasons for liability):*

At said time and place, Defendants, and each of them, so negligently owned, maintained, operated,
entrusted, and/or drove a motor vehicle so as to cause injuries and damages to Plaintiff. Defendants
rear-ended Plaintiff with such force so as to cause Plaintiff's vehicle to be pushed into the rear of
another vehicle. Plaintiff was injured and sustained damages as a direct legal cause of Defendants'
negligence and but for the negligence of Defendants, and each of them, Plaintiff would not have
been injured and sustained damages. Defendants negligently hired, trained, managed, directed,
instructed and/or supervised their agents and/or employees, the result of which legally and directly
caused the accident and Plaintiff's injuries and damages.

Defendant, Steven Herd, an employee, and while in the course and scope of his employment with
defendant, Graybar Electric Company, Inc. violated various Vehicle Code sections including, but
not limited to, Vehicle Code sections 21703 and 22350 in causing this accident and injuries and
damages to plaintiff in an amount to be proven at the time of trial.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]
**CAUSE OF ACTION—General Negligence**
Code of Civil Procedure 425.12
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Electronically Filed by Superior Court of California, County of Orange, 10/19/2020 12:30:23 PM.
30-2020-01166444-CU-PA-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Richard Clark, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Steven L. Mazza, Esq.                           SBN: 101076 <br> Carpenter, Zuckerman & Rowley <br> 8827 West Olympic Blvd., Beverly Hills, CA 90211 <br> TELEPHONE NO.: 310-273-1230   FAX NO.: 310-858-1063 <br> ATTORNEY FOR (Name): Plaintiff, LAUREN WOLF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME: WOLF v. HERD

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | [ ] Limited <br> (Amount <br> demanded is <br> $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 30-2020-01166444-CU-PA-CJC <br> JUDGE: Judge Gregory H. Lewis <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation <br> (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [X] Auto (22) <br> [ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06) <br> [ ] Rule 3.740 collections (09) <br> [ ] Other collections (09) <br> [ ] Insurance coverage (18) <br> [ ] Other contract (37) | [ ] Antitrust/Trade regulation (03) <br> [ ] Construction defect (10) <br> [ ] Mass tort (40) <br> [ ] Securities litigation (28) <br> [ ] Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** <br> [ ] Asbestos (04) <br> [ ] Product liability (24) <br> [ ] Medical malpractice (45) <br> [ ] Other PI/PD/WD (23) | **Real Property** <br> [ ] Eminent domain/Inverse condemnation (14) <br> [ ] Wrongful eviction (33) <br> [ ] Other real property (26) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) <br> **Enforcement of Judgment** <br> [ ] Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort** <br> [ ] Business tort/unfair business practice (07) <br> [ ] Civil rights (08) <br> [ ] Defamation (13) <br> [ ] Fraud (16) <br> [ ] Intellectual property (19) <br> [ ] Professional negligence (25) <br> [ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer** <br> [ ] Commercial (31) <br> [ ] Residential (32) <br> [ ] Drugs (38) <br> **Judicial Review** <br> [ ] Asset forfeiture (05) <br> [ ] Petition re: arbitration award (11) <br> [ ] Writ of mandate (02) | **Miscellaneous Civil Complaint** <br> [ ] RICO (27) <br> [ ] Other complaint (not specified above) (42) <br> **Miscellaneous Civil Petition** <br> [ ] Partnership and corporate governance (21) <br> [ ] Other petition (not specified above) (43) |
| **Employment** <br> [ ] Wrongful termination (36) <br> [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): TWO (2): General Negligence / Motor Vehicle
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 16, 2020

Steven L. Mazza, Esq.
_(TYPE OR PRINT NAME)_                                         _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Electronically Filed by Superior Court of California, County of Orange, 10/19/2020 12:30:25 PM.
30-2020-01166444-CU-PA-CJC - ROA # 5 - DAVID H. YAMASAKI, Clerk of the Court By Richard Clark, Deputy Clerk.

**Steven L. Mazza, Esq. (SBN 101076)**
**Paul S. Zuckerman, Esq. (SBN 155539)**
**Carpenter, Zuckerman & Rowley**
**8827 West Olympic Boulevard**
**Beverly Hills, CA 90211-3613**
**Telephone: (310) 273-1230**
**Email: eservice@czrlaw.com**

Attorneys for Plaintiff, LAUREN WOLF

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE –UNLIMITED JURISDICTION

LAUREN WOLF, an Individual,

Plaintiff,

vs.

STEVEN HERD, an Individual; GRAYBAR ELECTRIC COMPANY, INC., a Corporation and DOES 1 to 50, Inclusive,

Defendants.

CASE NO.: 30-2020-01166444-CU-PA-CJC

Judge: Judge Gregory Lewis
Dept:

**NOTICE OF ELECTRONIC SERVICE**

TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE Plaintiff hereby complies with Emergency Rule 12 by accepting all documents that may be served by mail, express mail, overnight delivery, or facsimile transmission to be emailed to **eservice@czrlaw.com.**

Emergency Rule 12(b)(1)(2) states:

(1)　A party represented by counsel, who has appeared in an action or proceeding, must accept electronic service of a notice or document that may be served by mail, express mail, overnight delivery, or facsimile transmission. Before first serving a represented party electronically, the serving party must confirm by telephone or email the appropriate electronic service address for counsel being served.

(2)　A party represented by counsel must, upon the request of any party who has appeared in an action or proceeding and who provides an electronic service address and a copy of this rule, electronically serve the requesting party with any notice or document that may be served by mail, express mail, overnight

1
**NOTICE OF ELECTRONIC SERVICE**

1    delivery, or facsimile transmission

2         Please be advised that email service upon Carpenter, Zuckerman & Rowley at any email

3    address other than eservice@czrlaw.com will be considered invalid service.

4

5    DATED: October 16, 2020                    CARPENTER, ZUCKERMAN & ROWLEY

6

7                                               By: _____

8                                                    STEVEN L. MAZZA, Esq.
                                                     Attorney for Plaintiff, LAUREN WOLF
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                    STATE:          ZIP CODE:<br>TELEPHONE NO.:          FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
       ☐ Under section 1141.11 of the Code of Civil Procedure
       ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____   _____   _____
              (SIGNATURE OF PLAINTIFF OR ATTORNEY)   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____   _____   _____
              (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

Approved for Optional Use
L1270 (Rev. March 2019)

California Rules of Court, rule 3.221

CIV-050

***- DO NOT FILE WITH THE COURT-***
***-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -***

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>Steven L. Mazza, Esq.<br>Carpenter, Zuckerman & Rowley<br>8827 West Olympic Blvd., Beverly Hills, CA 90211<br>fax number: 310-858-1063   email:  eservice@czrlaw.com<br>ATTORNEY FOR *(name):* Plaintiff, LAUREN WOLF | TELEPHONE NO.:<br>310-273-1230<br>SBN: 101076 | FOR COURT USE ONLY |
|---|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: LAUREN WOLF, an Individual
DEFENDANT: STEVEN HERD, an Individual

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER: |
|---|---|

To *(name of one defendant only):* STEVEN HERD, an Individual
Plaintiff *(name of one plaintiff only):* LAUREN WOLF, an Individual
seeks damages in the above-entitled action, as follows:

| | | AMOUNT |
|---|---|---|
| **1. General damages** | | |
| a. [X] Pain, suffering, and inconvenience | $ | 1,000,000 |
| b. [X] Emotional distress. | $ | 1,000,000 |
| c. [ ] Loss of consortium | $ | |
| d. [ ] Loss of sociey and companionship *(wrongful death actions only)* | $ | |
| e. [X] Other *(specify)* Interest as permitted by law. | $ | Undetermined |
| f. [ ] Other *(specify)* | $ | |
| g. [ ] Continued on Attachment 1.g. | | |
| **2. Special damages** | | |
| a. [X] Medical expenses *(to date)* | $ | 91,000 |
| b. [X] Future medical expenses *(present value)* | $ | Undetermined |
| c. [X] Loss of earnings *(to date)* | $ | Undetermined |
| d. [X] Loss of future earning capacity *(present value)* | $ | Undetermined |
| e. [X] Property damage | $ | Undetermined |
| f. [ ] Funeral expenses *(wrongful death actions only)* | $ | |
| g. [ ] Future contributions *(present value) (wrongful death actions only)* | $ | |
| h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* | $ | |
| i. [ ] Other *(specify)* | $ | |
| j. [ ] Other *(specify)* | $ | |
| k. [ ] Continued on Attachment 2.k. | | |
| 3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. | $ | |
| when pursuing a judgment in the suit filed against you. | | |

Date: October 16, 2020

Steven L. Mazza, Esq.
_____
(TYPE OR PRINT NAME)

(Proof of service on reverse)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

Page 1 of 2

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

CIV-050

*- DO NOT FILE WITH THE COURT-*
*-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>Steven L. Mazza, Esq.<br>Carpenter, Zuckerman & Rowley<br>8827 West Olympic Blvd., Beverly Hills, CA 90211<br>fax number: 310-858-1063   email: eservice@czrlaw.com<br>TELEPHONE NO.: 310-273-1230   SBN: 101076<br>ATTORNEY FOR *(name):* Plaintiff, LAUREN WOLF | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: LAUREN WOLF, an Individual
DEFENDANT: STEVEN HERD, an Individual

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

CASE NUMBER:

To *(name of one defendant only):* GRAYBAR ELECTRIC COMPANY, INC., a Corporation
Plaintiff *(name of one plaintiff only):* LAUREN WOLF, an Individual
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**

a. [X] Pain, suffering, and inconvenience .............................................. $ 1,000,000
b. [X] Emotional distress. .............................................. $ 1,000,000
c. [ ] Loss of consortium .............................................. $ _____
d. [ ] Loss of society and companionship *(wrongful death actions only)* .......... $ _____
e. [X] Other *(specify)* Interest as permitted by law .............................. $ Undetermined
f. [ ] Other *(specify)* .............................................. $ _____
g. [ ] Continued on Attachment 1.g.

**2. Special damages**

a. [X] Medical expenses *(to date)* .............................................. $ 91,000
b. [X] Future medical expenses *(present value)* .............................. $ Undetermined
c. [X] Loss of earnings *(to date)* .............................................. $ Undetermined
d. [X] Loss of future earning capacity *(present value)* .......................... $ Undetermined
e. [X] Property damage .............................................. $ Undetermined
f. [ ] Funeral expenses *(wrongful death actions only)* .......................... $ _____
g. [ ] Future contributions *(present value) (wrongful death actions only)* ........ $ _____
h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
i. [ ] Other *(specify)* .............................................. $ _____
j. [ ] Other *(specify)* .............................................. $ _____
k. [ ] Continued on Attachment 2.k.

**3.** [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
when pursuing a judgment in the suit filed against you.

Date: October 16, 2020

Steven L. Mazza, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

*(Proof of service on reverse)*

Page 1 of 2

1  Steven L. Mazza, Esq. (SBN 101076)
   Paul S. Zuckerman, Esq. (SBN 155539)
2  Carpenter, Zuckerman & Rowley
   8827 West Olympic Boulevard
3  Beverly Hills, CA 90211-3613
   Telephone: (310) 273-1230
4  Email: eservice@czrlaw.com

5  Attorneys for Plaintiff, LAUREN WOLF

6

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                COUNTY OF ORANGE –UNLIMITED JURISDICTION

9

10
    LAUREN WOLF, an Individual,              CASE NO.:
11
                   Plaintiff,                Judge:
12                                           Dept:

13         vs.
                                             NOTICE OF ELECTRONIC SERVICE
14  STEVEN HERD, an Individual; GRAYBAR
    ELECTRIC COMPANY, INC., a Corporation and
15  DOES 1 to 50, Inclusive,

16                 Defendants.

17

18

19  TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

20         PLEASE TAKE NOTICE Plaintiff hereby complies with Emergency Rule 12 by accepting

21  all documents that may be served by mail, express mail, overnight delivery, or facsimile

22  transmission to be emailed to **eservice@czrlaw.com.**

23  Emergency Rule 12(b)(1)(2) states:

24     (1)  A party represented by counsel, who has appeared in an action or proceeding,
            must accept electronic service of a notice or document that may be served by
25          mail, express mail, overnight delivery, or facsimile transmission. Before first
            serving a represented party electronically, the serving party must confirm by
26          telephone or email the appropriate electronic service address for counsel being
            served.

27     (2)  A party represented by counsel must, upon the request of any party who has
28          appeared in an action or proceeding and who provides an electronic service
            address and a copy of this rule, electronically serve the requesting party with
            any notice or document that may be served by mail, express mail, overnight

                                        1
                         NOTICE OF ELECTRONIC SERVICE

1    delivery, or facsimile transmission

2           Please be advised that email service upon Carpenter, Zuckerman & Rowley at any email

3    address other than eservice@czrlaw.com will be considered invalid service.

4

5    DATED: October 16, 2020                CARPENTER, ZUCKERMAN & ROWLEY

6

7                                           By: _____

8                                                STEVEN L. MAZZA, Esq.
                                             Attorney for Plaintiff, LAUREN WOLF
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF ELECTRONIC SERVICE**

# EXHIBIT B

1   Brian W. Skalsky (SBN 277883)
    bskalsky@goldbergsegalla.com
2   GOLDBERG SEGALLA LLP
    777 S. Figueroa Street, Suite 2000
3   Los Angeles, CA 90017
    **Mailing address:**
4   PO Box 17220
    Los Angeles, CA 90017
5   Telephone:     213.415.7200
    Facsimile:     213.415.7299
6
7   Attorneys for Defendants STEVEN HERD; and
    GRAYBAR ELECTRIC COMPANY, INC.

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

10  LAUREN WOLF, an Individual,          Case No. 30-2020-01166444-CU-PA-CJC
                                         Assigned to: Hon. Gregory H. Lewis
11                    Plaintiff,         Dept.: C26

12        v.                             **ANSWER OF DEFENDANTS STEVEN**
                                         **HERD AND GRAYBAR ELECTRIC**
13  STEVEN HERD, an Individual; GRAYBAR  **COMPANY, INC. TO PLAINTIFF**
    ELECTRIC COMPANY, INC., a Corporation; **LAUREN WOLF'S COMPLAINT**
14  and DOES 1 to 50, Inclusive,
                                         Complaint Filed: 10/19/2020
15                                       Trial Date:       None set
                      Defendants.
16

17

18        Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure, Defendants

19  STEVEN HERD and GRAYBAR ELECTRIC COMPANY, INC. ("Defendants") answer the

20  Complaint of Plaintiff LAUREN WOLF ("Plaintiff").   Defendants deny, both generally and

21  specifically, each and every allegation of the Complaint and deny that Plaintiff is entitled to any

22  relief whatsoever.

23                           **AFFIRMATIVE DEFENSES**

24        Defendants plead the following separate affirmative defenses to the Complaint and to the

25  purported causes of action set forth therein.   Defendants reserve the right to assert additional

26  affirmative defenses that discovery indicates are proper.

27  ///

28  ///

_____
ANSWER OF DEFENDANTS STEVEN HERD AND GRAYBAR ELECTRIC COMPANY, INC. TO
PLAINTIFF LAUREN WOLF'S COMPLAINT
28184091.v1

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      As a separate and second affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the purported causes of action asserted in the Complaint are barred by such statutes of limitation as may be applicable, including, but not limited to, California Code of Civil Procedure Sections 335, 335.1, 336, 337, 338, 339, 340, 340.5, 340.9, 343, 344 and 474.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

3.      As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's claims, if any, are barred for their failure, and/or the failure of the persons and/or entities acting on their behalf, to mitigate any purported damages.

## FOURTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

4.      As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's damages, if any, were caused by the primary negligence and/or acquiescence in the acts and omissions alleged in the Complaint by Plaintiff, and Plaintiff's agents, employees, representatives, relatives, heirs, assigns, attorneys, and/or any others acting on Plaintiff's behalf.  By reason thereof, Plaintiff is not entitled to damages or any other relief whatsoever as against Defendant.

///

///

ANSWER OF DEFENDANTS STEVEN HERD AND GRAYBAR ELECTRIC COMPANY, INC. TO PLAINTIFF LAUREN WOLF'S COMPLAINT

28184091.v1

Goldberg Segalla LLP
PO Box 17220
Los Angeles, CA 90017
213.415.7200

**FIFTH AFFIRMATIVE DEFENSE**

**(Comparative Fault of Others)**

5.      As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant is informed and believes, and based upon such information and belief alleges that parties, both served and unserved, named and unnamed, and the Plaintiff are in some manner a certain percentage responsible for the Plaintiff's non-economic damages, if any, and these answering Defendants require an order from the trier of fact setting forth separate judgments, against each and every party, named and unnamed, served and unserved, and the Plaintiff, for the amount of all non-economic damages that may be recovered by the Plaintiff in direct proportion to the percentage of fault of each party, named and unnamed, served and unserved, and the Plaintiffs, pursuant to California <u>Civil Code</u> § 1431.2.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

6.      As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Justification/Excuse)**

7.      As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that by virtue of the acts of Plaintiff, and/or the persons and/or entities acting on his behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because the acts and/or omissions alleged in the Complaint were justified and/or excused.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

8.      As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of laches.

Goldberg Segalla LLP
PO Box 17220
Los Angeles, CA 90017
213.415.7200

ANSWER OF DEFENDANTS STEVEN HERD AND GRAYBAR ELECTRIC COMPANY, INC. TO PLAINTIFF LAUREN WOLF'S COMPLAINT

28184091.v1

Goldberg Segalla LLP
PO Box 17220
Los Angeles, CA 90017
213.415.7200

## NINTH AFFIRMATIVE DEFENSE

### (Offset)

9.      As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that by virtue of the acts of Plaintiff and/or the persons and/or the entities acting on Plaintiff's behalf, Defendants have been damaged in an amount equal to or greater than the amount of damages, if any, to which Plaintiff might be entitled.  As a result, Defendants are entitled to an offset against any sums found owing to Defendants from Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

10.      As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Maintain Automobile Liability Insurance)

11.      As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff failed to maintain automobile liability insurance and is precluded from seeking general damages in this lawsuit.

## TWELFTH AFFIRMATIVE DEFENSE

### (Last Clear Chance Doctrine)

12.      As a separate and twelfth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff had the last clear chance to avoid the collision and on that basis is precluded from any recovery in this lawsuit.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Right to Amend Answer)

13.      As a separate and thirteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants intend to rely upon such other defenses as may become legally available hereafter or become apparent during discovery proceedings in this case,

1    and hereby reserves their right to amend their Answer to assert any such defenses.

2          **WHEREFORE,** Defendants pray for relief as follows:

3          1.      That the Complaint be dismissed, with prejudice and in its entirety;

4          2.      That Plaintiff take nothing by reason of this Complaint and that judgment be entered

5    against Plaintiff and in favor of Defendants;

6          3.      That Defendants be awarded attorneys' fees and costs incurred in defending this

7    action; and

8          4.      That Defendants be granted such other and further relief as the Court may deem just

9    and proper.

10

    Dated:  November 19, 2020                          GOLDBERG SEGALLA LLP

11

12

13                                          By:      BRIAN W. SKALSKY

14                                                    Attorneys for Defendants STEVEN
                                                      HERD; and GRAYBAR ELECTRIC
15                                                    COMPANY, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

Goldberg Segalla LLP
PO Box 17220
Los Angeles, CA 90017
213.415.7200

5

ANSWER OF DEFENDANTS STEVEN HERD AND GRAYBAR ELECTRIC COMPANY, INC. TO
PLAINTIFF LAUREN WOLF'S COMPLAINT

28184091.v1

Case No. 30-2020-01166444-CU-PA-CJC

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 777 S. Figueroa Street, Suite 2000, Los Angeles, CA 90017.

On November 19, 2020, I served the following document(s) described as **ANSWER OF DEFENDANTS STEVEN HERD AND GRAYBAR ELECTRIC COMPANY, INC. TO PLAINTIFF LAUREN WOLF'S COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Steven L Mazza, Esq.                    **ATTORNEYS FOR PLAINTIFF**
Carpenter, Zuckerman & Rowley            **LAUREN WOLF**
8827 W. Olympic Blvd.
Beverly Hills, CA 90211
Tel: (310) 273-1230
Fax: (310) 858-1063
mazza@czrlaw.com
eservice@czrlaw.com

**[X] BY ELECTRONIC SERVICE** I electronically served the attached documents(s) on each party or other person that is required to be served and accept service of documents electronically pursuant to Code of Civil Procedure section 1010.6(4).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 19, 2020, at Los Angeles, California.



_____
Denise M. Carrillo

Goldberg Segalla LLP
PO Box 17220
Los Angeles, CA 90017
213.415.7200

6

28184091.v1

# EXHIBIT C

1   Brian W. Skalsky (SBN 277883)
    bskalsky@goldbergsegalla.com
2   GOLDBERG SEGALLA LLP
    777 S. Figueroa Street, Suite 2000
3   Los Angeles, CA 90017
    **Mailing address:**
4   PO Box 17220
    Los Angeles, CA 90017
5   Telephone:   213.415.7200
    Facsimile:   213.415.7299
6
7   Attorneys for Defendants STEVEN HERD; and
    GRAYBAR ELECTRIC COMPANY, INC.

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

10  LAUREN WOLF, an Individual,              Case No. 30-2020-01166444-CU-PA-CJC
                                             Assigned to: Hon. Gregory H. Lewis
11                    Plaintiff,             Dept.: C26

12         v.                                **NOTICE TO ADVERSE PARTIES AND
                                             THE SUPERIOR COURT OF
13                                           REMOVAL OF ACTION**

    STEVEN HERD, an Individual; GRAYBAR
14  ELECTRIC COMPANY, INC., a Corporation;
    and DOES 1 to 50, Inclusive,
15
                      Defendants.
16
                                             Complaint Filed: 10/19/2020
17                                           Trial Date:        None set
18

19

20        TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21        PLEASE TAKE NOTICE that, Defendants STEVEN HERD and GRAYBAR ELECTRIC

22  COMPANY, INC. (hereinafter collectively referred to as "Defendants"), pursuant to 28 U.S.C. §

23  1441(a), filed a Notice of Removal in the Office of the Clerk for the United States District Court

24  for the Central District-Southern Division of California on November 20, 2020.  The Superior

25  Court of the State of California, County of Orange, is hereby advised that, pursuant to 28 U.S.C. §

26  1446, the filing of the Notice of Removal in the United States District Court, together with the

27  service and filing of a copy of that Notice with this Court, effects the removal of the above-

28  entitled action, which can proceed no further in this action, unless and until such time as the

Goldberg Segalla LLP
PO Box 17220
Los Angeles, CA 90017
213.415.7200

1    action may be remanded by order of the United States District Court.  A file-stamped copy of the

2    Notice of Removal is attached hereto as **Exhibit A**.

3

4    Dated:  November 20, 2020                                      GOLDBERG SEGALLA LLP

5

6                                                          By:      BRIAN W. SKALSKY

7                                                                   Attorneys for Defendants STEVEN
                                                                    HERD; and GRAYBAR ELECTRIC
8                                                                   COMPANY, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Goldberg Segalla LLP
PO Box 17220
Los Angeles, CA 90017
213.415.7200

NOTICE TO ADVERSE PARTIES AND THE SUPERIOR COURT OF REMOVAL OF ACTION
28347638.v1

Case No. 30-2020-01166444-CU-PA-CJC

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 777 S. Figueroa Street, Suite 2000, Los Angeles, CA 90017.

    On November 20, 2020, I served the following document(s) described as **NOTICE TO ADVERSE PARTIES AND THE SUPERIOR COURT OF REMOVAL OF ACTION** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Steven L Mazza, Esq.          **ATTORNEYS FOR PLAINTIFF**
Carpenter, Zuckerman & Rowley    **LAUREN WOLF**
8827 W. Olympic Blvd.
Beverly Hills, CA 90211
Tel: (310) 273-1230
Fax: (310) 858-1063
mazza@czrlaw.com
eservice@czrlaw.com

    **[X] BY ELECTRONIC SERVICE** I electronically served the attached documents(s) on each party or other person that is required to be served and accept service of documents electronically pursuant to Code of Civil Procedure section 1010.6(4).

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on November 20, 2020, at Los Angeles, California.

_____
Denise M. Carrillo

Steven

Goldberg Segalla LLP
PO Box 17220
Los Angeles, CA 90017
213.415.7200

3
NOTICE TO ADVERSE PARTIES AND THE SUPERIOR COURT OF REMOVAL OF ACTION
28347638.v1

## CERTIFICATE OF SERVICE

On November 23, 2020, I served the following document(s) described as **AMENDED NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A)** on the interested parties in this action as follows:

Steven L Mazza, Esq.                        **ATTORNEYS FOR**
Carpenter, Zuckerman & Rowley                   **PLAINTIFF**
8827 W. Olympic Blvd.                        **LAUREN WOLF**
Beverly Hills, CA 90211
Tel: (310) 273-1230
Fax: (310) 858-1063
mazza@czrlaw.com
eservice@czrlaw.com

 X      **BY EMAIL** I caused a copy of the document(s) to be sent by email from the email address ataylor@goldbergsegalla.com to the persons at the email addresses listed in the Service List. I did not receive within a reasonable time after the transmission any electronic message or any other indication that the transmission was unsuccessful

I declare under penalty of perjury under the United States of America and the State of California that the foregoing is true and correct.

_____
                Amber Taylor

Goldberg Segalla LLP
PO Box 17220
Los Angeles, CA 90017
213.415.7200

5

28347596.v1